IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOTT MACKLING,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, Acting Commissioner of Social Security;<br><br>Defendant. | 8:20CV347<br><br>**MEMORANDUM & ORDER** |

This matter is before the Court on Plaintiff Scott Mackling's motion for attorney fees in the amount of $2,764.55 under the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412(d), and reimbursement of filing fee in the amount of $400.00. Filing No. 28 at 2. The Acting Social Security Commissioner ("Commissioner") does not object to Mackling's motion for attorney fees or filing fee. Filing No. 29 at 1.

The EAJA provides for attorney fees if: "(1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by the party in [the] civil action' in which it prevailed." *United States S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (quoting 28 U.S.C.A § 2412(d)(1)(A)–(2)(B)). "The fees awarded must be reasonable." 28 U.S.C.A § 2412(d)(2)(A)(ii). A reasonable fee under § 2412 will not exceed "$125 per hour unless the court determines that an increase in cost of living or a special factor, such

1

as limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*

For a successful Social Security claimant to collect attorney fees, the Commissioner's position must lack substantial justification. 28 U.S.C. § 2412(d)(2)(A). Substantial justification occurs when the Commissioner's position has a clearly reasonable basis in law and fact. *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). The Commissioner bears the burden of proving that their position is substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). In this instance, the Commissioner does not argue their position was substantially justified and does not object to Plaintiff's EAJA motion. Filing No. 29 at 2.

The Court finds that the Plaintiff is entitled to attorney fees under the EAJA. The Plaintiff is the prevailing party. Additionally, the plaintiff's net worth did not exceed $2,000,000 at the time of filing for this civil action. The Plaintiff requests attorney's fees totaling $2764.55 in attorney's fees for 2.95 hours worked in 2020 at an hourly rate of $207.78 and 10.00 hours worked in 2021 at an hourly rate of $215.16. Filing No. 29 at 1. Plaintiff argues the increase in hourly rates from the $125 baseline reflects an increase in the cost of living, as evidenced through the cost-of-living index changes. Filing No. 28-1 at 2. Plaintiff also requests an additional $400.00 for the filing fee. Filing No. 29 at 1.

An increase for the cost of living is generally allowed. *Johnson v. Sullivan*, 919 F.2d 503, 508–10 (8th Cir. 1990). The Court finds that counsel is an experienced social security disability attorney whose work since 2014 has consisted of at least 50 percent Social Security law. Filing No. 28-1 at 1. Plaintiff's counsel does not generally charge an hourly fee due to his clients' indigence but states the market rate for the work performed

is $250.00/hour or more. Filing No. 28-1 at 2. The Court further finds that the increase in cost of living justifies a fee higher than $125 per hour and that the rates Plaintiff requested are reasonable. The Court carefully reviewed the hours submitted and finds them reasonable in all aspects. Thus, the Court concludes that both the amount requested, and the hours expended, are reasonable. The Court also grants the Plaintiff's request for an additional $400.00 for the filing fee. See 28 U.S.C. § 2412(c).

THEREFORE, IT IS ORDERED that:

1. The Plaintiff's motion for attorney fees, Filing No. 28, is granted.
2. Pursuant to the Equal Access to Justice Act, attorney fees in the amount of $2,764.55 are to be paid directly to the Plaintiff's attorney, less any offset to satisfy a pre-existing debt to the United States.
3. Filing fee of $400.00 is likewise to paid directly to the Plaintiff's attorney.
4. A separate judgment shall be entered in conjunction with the Memorandum and Order.

Dated this 20th day of January, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge