IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOTT MACKLING, | |
| Plaintiff, | 8:20CV347 |
| vs. | |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration; | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Plaintiff's motion for attorney's fees under 42 U.S.C.A § 406(b). Filing No. 32 at 4. The Plaintiff requests attorney fees under § 406(b) amounting to $7,917.00, which is 25% of the back benefits awarded to the Plaintiff. Filing No. 32 at 1. The Acting Commissioner of Social Security ("Commissioner") did not object to attorney fees. Filing No. 35 at 5. The Court must independently determine if the plaintiff is entitled to attorney fees.

I.   BACKGROUND

This is an action to recover attorney fees for representing a claimant alleging entitlement to Social Security benefits under § 406(b). Scott Mackling filed an application for disability benefits on May 22, 2018 and alleged that be began suffering from a disability on December 6, 2017. Filing No. 21 at 3. The Commissioner denied Mackling's application initially and on reconsideration. *Id.* at 3–4. Mackling exhausted his appeals and avenues for reconsideration with the administrative law judge (ALJ) and the Appeals

1

Counsel, thus making the ALJ's decision the final decision of the Commissioner. Filing No. 1 at 2. Mackling subsequently challenged the Commissioner's final decision in this Court. Id.

In July of 2021, this Court reversed the Commissioner's decision and remanded to the Social Security Administration (SSA) for an award of benefits. Filing No. 27. In support of his motion, Plaintiff showed that on or about August 13, 2020, Plaintiff entered into a fee agreement with Counsel, Kimberly Schram and Wes Kappelman. Filing No. 32-1. The fee agreement proscribed Schram would accept a flat fee of $6,000 if the party pursued attorney fees under § 406(a). Id. Kappelman would then receive 25% of the past-due benefits minus Schram's $6,000 portion under § 406(b). Id. at 2. Plaintiff also showed that counsel worked 12.95 hours on the matter before the Court. Id., Filing No. 32-5 at 1.

Before filing the motion for attorney's fees under § 404(b), Plaintiffs moved for attorney's fees under the Equal Access to Justice Act (EAJA). Filing No. 28 at 1. This Court granted the Plaintiff's motion for attorney fees under the EAJA to the amount of $2,764.55. Filing No. 30.

II. LAW

The Social Security Act authorizes a federal district court to award attorney fees for representation before the court under 42 U.S.C. § 406(b). Congress enacted § 406(b) to "protect claimants against inordinately large fees and also ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." Gisbrecht v. Barnhart, 535 U.S. 789, 805, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) (internal quotations omitted). Fees under § 406(b) satisfy a client's obligation to counsel

2

and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. 42 U.S.C. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2011).

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. However, a contingency-fee agreement that provides for fees in excess of the boundary imposed by Congress, twenty-five percent of past-due benefits, is *per se* unreasonable. See *id.*; 42 U.S.C. § 406(b)(1)(A); *see also Culbertson v. Berryhill*, 139 S. Ct. 517, 523, 202 L. Ed. 2d 469 (2019) (holding that the twenty-five percent cap in § 406(b)(1)(A) (for representation before the agency) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) (for and (b)). If the contingency-fee agreement is at or below the twenty-five percent boundary, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered. *Gisbrecht*, 535 U.S. at 807.

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable. *Id.* Although the district court may consider the hourly rate in determining the reasonableness of a fee award, the court must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel. *Id.* at 807–08; *see Jones v. Berryhill*, 699 F. App'x 587, 588 (8th Cir. 2017). A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved. *Id.* at 808.

To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case. *Id.*; *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) ("Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate"). Courts may also reduce an award in situations "occasioned by improper conduct or ineffectiveness of counsel," such as where an attorney delays a case to increase the attorney's share of "past-due" benefits. *Rodriquez*, 865 F.2d at 746; *Gisbrecht*, 535 U.S. at 808.

Courts may award attorney fees to prevailing claimants and their attorneys under both the EAJA and § 406(b); however, a double recovery is not permitted. *Gisbrecht*, 535 U.S. at 796. "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded." *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001). When both awards are granted, the attorney must refund the lesser award to the client. *Id.*

III.   DISCUSSION

This Court conducted an independent review of the fee arrangement and finds the fee requested under § 406(b) satisfies the statutory requirement of yielding a "reasonable" result in this case considering the character of the representation and the results achieved. The requested fee is not unreasonable based on the parties' prior agreement, the time expended in the District Court, and the results obtained. Recovery of $7,917.00 does not represent a windfall to a successful claimant's attorney. The amount of benefits awarded are not inordinately large in comparison to the time counsel spent on the case

either. Counsel is an expert in social security matters and spends a majority of his practice time in this area. Accordingly, the Court will award $7,917.00 to the Plaintiff under 42 U.S.C. § 406(b)(1).

IT IS ORDERED

1. Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b), Filing No. 32, is granted.

2. That Plaintiff is awarded $7,917.00 under 42 U.S.C. § 406(b)(1).

3. A Judgment in accordance with this Memorandum and Order will issue this date.

Dated this 12th day of September, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge